UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GHEEVARGHESE A. THANKACHAN,

        Plaintiff,                                    07 CV 8332 (PED)

    vs.

PEEKSKILL HOUSING AUTHORITY,
LEESTHER BROWN, sued in her individual
capacity,

        Defendants.
------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR AN**

**AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS**


CHRISTOPHER D. WATKINS (2240)
SUSSMAN & WATKINS
55 Main Street – P.O. Box 1005
Goshen, NY 10924
(845) 294-3991
*Attorney for Plaintiff*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

POINT I:       PLAINTIFF IS A PREVAILING PARTY ............................................................ 1

POINT II:      COUNSEL EXPENDED A REASONABLE AMOUNT
OF TIME ON THE LITIGATION ..................................................................... 1

POINT III:     COUNSEL'S PROPOSED HOURLY RATES ARE REASONABLE
AND WITHIN THE RANGE IN THE SOUTHERN DISTRICT OF
NEW YORK ........................................................................................................ 4

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

CASES

*Abrahamson v. Bd. of Educ.*, 374 F.3d 66 (2d Cir. 2004) .................................................. 1

*Ace Ltd. v. Cigna Corp.*, 2001 WL 1286247 (S.D.N.Y. Oct. 22, 2001) ............................. 6

*Arbor Hill Concerned Citizens Nbrhood Assn. v. Cty. of Albany*, 522 F.3d 182 (2d Cir. 2008) 4, 5

*Baird v. Boies, Schiller & Flexner LLP*, 219 F. Supp. 2d 510 (S.D.N.Y. 2002) ................ 7

*Barfield v. New York City Health and Hospitals*, 537 F.3d 132 (2d Cir. 2008) ........... 1, 2, 4

*Blum v. Stenson*, 465 U.S. 886 (1984) ........................................................................... 5, 6

*City of Burlington v. Dague*, 505 U.S. 557 (1992) ............................................................ 2

*Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Wrkrs*, 34 F.3d 1148 (2d Cir. 1994) ........ 2, 5

*Farrar v. Hobby*, 506 U.S. 103 (1992) ........................................................................... 1, 2

*Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992) ................................................................. 2

*Heng Chan v. Sung Yue Tung Corp.*, 2007 WL 1373118 (S.D.N.Y. May 8, 2007) ............ 7

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................................... 1, 2

*Hnot v. Willis Group Holdings, Ltd.*, 2008 WL 1166309 (S.D.N.Y. Apr. 7, 2008) ............ 7

*LaRouche v. Kezer*, 20 F.3d 68 (2d Cir. 1994) .................................................................. 1

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) ...................................... 2, 3, 5

*Morris v. Eversley*, 343 F. Supp. 2d 234 (S.D.N.Y. 2004) ............................................... 7

*New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983) ... 2

*Rozell v. Ross-Holst*, 576 F. Supp. 2d 527 (S.D.N.Y. 2008) ............................................. 7

*United States Football League v. National Football League*, 887 F.2d 408 (2d Cir. 1989) ... 2

*Weingarten v. Optima Communs. Sys.*, 544 F. Supp. 2d 193 (S.D.N.Y. 2008) ................... 3

*Wise v. Kelly*, 2008 WL 482399 (S.D.N.Y. Feb. 21, 2008) ............................................... 5

I.  INTRODUCTION

Plaintiff Gheevarghese ("Thomas") Thankachan respectfully submits this memorandum of law in support of his motion for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Rule 54(b) of the Federal Rules of Civil pro.cedure. As the jury awarded plaintiff $1,000,250.00 against defendants Peekskill Housing Authority ("PHA") and Leesther Brown ("Brown") on his claims of racial discrimination under 42 U.S.C. § 1981, plaintiff is the prevailing party. For the following reasons, this Court should grant the instant application in full and award to plaintiff $147,109.84 in reasonable attorneys' fees and costs.

POINT I

PLAINTIFF IS A PREVAILING PARTY

"A prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). "A party is considered prevailing if he obtains at least some relief on the merits." Farrar v. Hobby, 506 U.S. 103, 111 (1992). "A party need not succeed on every issue raised by him, nor even the most crucial one." LaRouche v. Kezer, 20 F.3d 68, 71 (2d Cir. 1994). The party merely has to prevail on a "significant claim." Id. at 71. The focus of the inquiry rests upon the "material alteration of the legal relationship of the parties." Farrar v. Hobby, 506 U.S. at 111. See also, Abrahamson v. Bd. of Educ., 374 F.3d 66, 79 (2d Cir. 2004) ("As long as a party succeeds on 'any significant issue in litigation which achieves some of the benefit [they] sought in bringing the suit,' the party has 'prevailed'").

"'The most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." Barfield v. New York City Health and Hospitals, 537 F.3d 132, 152 (2d Cir. 2008). "A district

1

court's assessment of the 'degree of success' achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims. Both 'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved. Indeed, this comparison promotes the court's central responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.'" Id. at 152 (quoting Farrar v. Hobby, 506 U.S. at 114-15). See also, LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 757 (2d Cir. 1998) ("For a plaintiff to be considered a 'prevailing party,' and thus eligible for an award of fees, he need not have succeeded on 'the central issue' in the case, and need not have 'obtain[ed] the primary relief sought.' It is sufficient that the plaintiff succeeded on 'any significant issue in [the] litigation,' regardless of 'the magnitude of the relief obtained,' if he received 'actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff'").

The jury awarded plaintiff $1 million in compensatory damages against both defendants jointly and severally and $250 in punitive damages against defendant Brown. As those damages awards change the legal relationship between the parties, plaintiff is a prevailing party under 42 U.S.C. § 1981 and is entitled to reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

## POINT II

### COUNSEL EXPENDED A REASONABLE
### AMOUNT OF TIME ON THE LITIGATION

The starting point for the determination of a reasonable fee is the calculation of the lodestar amount, i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhardt, 461 U.S. at 433-34. In order to determine what

1

constitutes "reasonable" attorneys' fees, the starting point is the "lodestar amount," which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate for attorneys and paralegals. City of Burlington v. Dague, 505 U.S. 557, 559 (1992).

The fee applicant must submit contemporaneous time records supporting the hours worked and the requested rates. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983). "[A] typed listing of [attorneys'] hours from their computer records . . . falls sufficiently within the meaning of 'contemporaneous.'" Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994). While time records need not be overly detailed, they must be sufficiently specific so that the Court can assess the reasonableness of time expended. United States Football League v. National Football League, 887 F.2d 408 (2d Cir. 1989). Any party that seeks a downward departure from the lodestar bears the burden of proving the departure is necessary. Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992).

The Supreme Court has addressed whether prevailing parties may recover for time expended on related but unsuccessful claims. In Hensley v. Eckerhardt, 461 U.S. at 434-37, the Court observed that "it may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."

In LeBlanc-Sternberg v. Fletcher, 143 F.3d 748 (2d Cir. 1998), the Court of Appeals held, "[w]hen a plaintiff has achieved substantial success in the litigation but has prevailed on fewer

2

than all of his claims, the most important question in determining a reasonable fee is whether the failed claim was intertwined with the claims on which he succeeded." Where a plaintiff has won substantial relief and all claims for relief involve "'a common core of facts' or were 'based on related legal theories,' so that much of counsel's time was devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis," the fee award should not be adjusted downward to account for the related unsuccessful claims. Id. at 762. See also, Green v. Torres, 361 F.3d at 98 ("In fixing the lodestar the court may exclude any hours spent on severable unsuccessful claims. But where, as in this case, the plaintiff's claims 'involve a common core of facts or [are] based on related legal theories,' and are therefore not severable, '[a]ttorney's fees may be awarded for unsuccessful claims as well as successful ones'"); Weingarten v. Optima Communs. Sys., 544 F. Supp. 2d 193, 197 (S.D.N.Y. 2008) ("Where . . . 'the successful and unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts, or [are] based on related legal theories,' it is not an abuse of discretion for the court to award the entire fee'").

      Here, plaintiff prevailed on his discrimination claim under Section 1981 but did not prevail on his claim of political affiliation claim. Those claims-which both went to the reasons for plaintiff's termination-were intertwined and the time expended on the litigation as a whole cannot be reasonably divided between time on the discrimination claim versus time on the political affiliation claim.

## POINT III

## COUNSEL'S PROPOSED HOURLY RATES ARE REASONABLE AND WITHIN THE RANGE IN THE SOUTHERN DISTRICT OF NEW YORK

### A. The Requested Attorney and Paralegal Rates Are Reasonable

In Barfield v. New York City Health and Hospitals Corp., 537 F.3d at 151-52, the Court of Appeals summarized the most recent formula for calculating attorneys' fees in civil rights cases:

> In Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522 F.3d 182 (2d Cir.2008), . . . we have advised district courts, in exercising their "considerable discretion . . . to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate" to be used in calculating a "'presumptively reasonable fee.'" Id. (emphasis in original).

The Arbor Hill factors are as follows:

> In determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the ""presumptively reasonable fee. 522 F.3d at 190.

The "Johnson factors" cited in Arbor Hill are as follows:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 522 F.3d at 187, n.3 (citing Johnson v. Ga. Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974)).

However, "there is a strong presumption that the lodestar figure (or functional equivalent thereof after Arbor Hill) represents a reasonable fee in civil rights actions because "'if private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.'" Wise v. Kelly, 2008 WL 482399 (S.D.N.Y. Feb. 21, 2008), at *4 (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d at 764).

The rate requested should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); Cruz v. Local Union No. 3, 34 F.3d at 1159.

"District courts should use the 'prevailing [hourly rate] in the community' in calculating the lodestar – or what we are now calling the presumptively reasonable fee. . . . [T]he 'community' for purposes of this calculation is the district where the district court sits." Arbor Hill, 522 F.3d at 190. The Court may look to attorney's fees granted in other cases and rely on its own knowledge

5

of the market to determine a reasonable rate. Blum v. Stenson, 465 U.S. at 895. See also, Ace Ltd. v. Cigna Corp., 2001 WL 1286247, at *5 (S.D.N.Y. Oct. 22, 2001) ("Ideally, . . . evidence [as to hourly rate] should include affidavits from attorneys with similar qualifications stating the precise fees typically charged and paid, during the relevant time period, in the relevant market").

Applying the Arbor Hill factors, this case was moderately complex, as there were a multitude of decisionmakers and plaintiff needed to show that the discriminatory bias of one of those decisionmakers, Brown, tainted the entire decisionmaking process. Moreover, defendants relied upon the "investigation" of plaintiff by an extremely experienced employment attorney, Bruce Millman, Esq., of the Littler Mendelson law firm. Millman, formerly chair of the New York Bar Association's Labor & Employment group, prepared a written report which armed defendants with additional purported "legitimate, non-discriminatory reasons" for terminating plaintiff. This element-an investigative report prepared by an experienced employment lawyer-is usually not present in employment discrimination cases and added an extra layer of "legitimacy" which plaintiff had to show was pretext masking discriminatory purpose.

Litigation was hard fought through summary judgment motion practice and trial. Brian Sokoloff, Esq., lead defense counsel, is an extremely experienced and skilled employment defense practitioner. He litigated and tried this case with his partner, Adam Kleinberg, Esq., and together they vigorously litigated all aspects of the case.

Plaintiffs are requesting hourly rates of $375 for Attorney Watkins, $450 for Attorney Sussman, and $100 for paralegal Claire Papell. Consistent with the standard in Arbor Hill, counsel's reputation and skill justify this rate, as does the verdict, which is in the high range for employment discrimination cases in the Southern District and represented a maximal recovery for plaintiff on his claims.

6

Counsel's qualifications and experience are outlined in their respective affirmations. Watkins has been practicing civil rights law since 1996 and Sussman has been doing so since 1978. As outlined in their affirmations, each attorney has been successfully representing plaintiffs in civil rights actions for several years, including in the area of employment discrimination. As stated in the declaration of Scott A. Korenbaum, Esq., and the cited case law, these requested rates are within the range in the Southern District for comparable attorneys. See also, Baird v. Boies, Schiller & Flexner LLP, 219 F. Supp. 2d 510, 523 (S.D.N.Y. 2002) (awarding $375 per hour for partner with 14 years' experience); Heng Chan v. Sung Yue Tung Corp., 2007 WL 1373118, at *3-4 (S.D.N.Y. May 8, 2007) (awarding $450 for large-firm attorney with 16 years' experience handling civil rights cases and $400 per hour for attorney "with fifteen years' experience in practicing law and significant experience in complex civil rights litigation"). Compare, Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 546-47 (S.D.N.Y. 2008) (awarding $350 per hour for two senior associates who graduated from law school in 2001 and $600 for experienced civil rights partner);

The $100 fee request for paralegal time is reasonable, as courts in this district have generally awarded paralegals higher rates in the recent past. Morris v. Eversley, 343 F. Supp. 2d 234, 248 (S.D.N.Y. 2004); Rozell v. Ross-Holt, 2008 WL 2229842, at *14. See also, Hnot v. Willis Group Holdings, Ltd., 2008 WL 1166309, at *3 (S.D.N.Y. Apr. 7, 2008) ("as there is ample support for $150 per hour as a reasonable rate for paralegals in this District . . . that rate may be applied here"); Sheehan v. Metropolitan Life Ins. Co., 450 F. Supp. 2d at 328 (awarding $150 per hour for paralegals).

### B. Plaintiff is entitled to $147,109.84 in reasonable attorneys' fees and costs

Below is a summary of the breakdown of fees and costs by attorney and paralegal, applying the requested hourly rates. These hours and costs are set forth in the Watkins and Sussman

7

Affirmations.

| Attorney | Compensable Hours | Hourly Rate | Total |
|---|---|---|---|
| Watkins | 263.5 (regular) | $375.00 | $98,812.50 |
|  | 46 (travel) | $187.50 | $8,625.00 |
| Sussman | 59.25 (regular) | $450.00 | $26,662.50 |
|  | 6 (travel) | $225.00 | $1,350.00 |

**Paralegal**

| | | | |
|---|---|---|---|
| Papell | 64.75 (regular) | $100.00 | $6,475.00 |
|  | 2.5 (travel) | $50.00 | $125.00 |

**Costs**      $5,059.84

**Total:**      $147,109.84

## CONCLUSION

This Honorable Court should grant the instant motion in its entirety.

Dated:    December 6, 2011
           Goshen, New York

                                             Christopher D. Watkins (CW 2240)

                                             SUSSMAN & WATKINS
                                             55 Park Place, Suite 6
                                             P.O. Box 1005
                                             Goshen, New York 10924
                                             (845) 294-3991
                                             *Attorneys for Plaintiff*