UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GHEEVARGHESE A. THANKACHAN,

Plaintiff,

-against-

PEEKSKILL HOUSING AUTHORITY, JOHN
TESTA, MAYOR, CITY OF PEEKSKILL,
LEESTHER BROWN, ERIC HINES, SANDRA
BOND, LORRAINE ROBINSON, sued in their
official and individual capacities,

Defendants.

-------------------------------------------------------------------X

Docket No.: 07-CV-8332
(PED)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PEEKSKILL HOUSING AUTHORITY AND LEESTHER BROWN'S MOTION TO STAY EXECUTION OF JUDGMENT

SOKOLOFF STERN LLP

SOKOLOFF STERN LLP
Attorneys for Defendants
PEEKSKILL HOUSING AUTHORITY
and LEESTHER BROWN
355 Post Avenue, Suite 201
Westbury, New York 11590
(516) 334-4500

Of counsel:

Brian S. Sokoloff
Adam I. Kleinberg

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY ................................................................................................ 1

ARGUMENT ................................................................................................................... 2

   I.   PEEKSKILL HOUSING AUTHORITY .................................................................... 3

      A.  LIKELIHOOD OF SUCCESS ON THE MERITS OF APPEAL .................................. 6

      B.  DEFENDANTS WILL BE IRREPARABLY INJURED ABSENT A STAY ...................... 7

      C.  A STAY WILL NOT SUBSTANTIALLY INJURE THE PLAINTIFF ............................. 7

      D.  THE PUBLIC INTEREST WEIGHS IN FAVOR OF ELIMINATING THE BOND ............ 8
           REQUIREMENT ................................................................................... 8

   II.   LEESTHER BROWN ............................................................................................ 8

      A.  LIKELIHOOD OF SUCCESS ON THE MERITS OF APPEAL .................................. 8

      B.  BROWN WILL BE IRREPARABLY INJURED ABSENT A STAY .............................. 9

      C.  A STAY WILL NOT SUBSTANTIALLY INJURE THE PLAINTIFF ........................... 11

      D.  THE PUBLIC INTEREST WEIGHS IN FAVOR OF ELIMINATING THE BOND .......... 11
           REQUIREMENT ................................................................................. 11

CONCLUSION .............................................................................................................. 11

<u>T</u>ABLE OF <u>A</u>UTHORITIES

**Cases**

<u>Burlington N. v. White</u>,
    548 U.S. 53 (2006).................................................................................. 9

<u>De la Fuente v. DCI Telecomms., Inc.</u>,
    269 F. Supp. 2d 237 (S.D.N.Y. 2003)................................................... 3

<u>Fowler v. Transit Supervisors Org.</u>,
    96 Civ. 6796, 2000 U.S. Dist. LEXIS 17452 (S.D.N.Y. Nov. 1, 2000) .................................... 9

<u>Hansberry v. Father Flanagan</u>,
    2004 WL 3152393 (E.D.N.Y. 2004)...................................................... 8

<u>Hilton v. Braunskill</u>,
    481 U.S. 770 (1987).............................................................................. 3

<u>John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.</u>,
    1993 WL 515376 (S.D.N.Y. 1993)....................................................... 2

<u>Krystek v. Univ. of So. Miss.</u>,
    164 F.3d 251 (5th Cir. 1999)................................................................. 9

<u>Kun v. Finnegan, Henderson, Farabow, Garrett, & Dunner</u>,
    949 F. Supp. 13 (D.D.C. 1996)............................................................. 8

<u>Liberty Mut. Ins. Co. v. Bankers Trust Co.</u>,
    769 F. Supp. 130 (S.D.N.Y. 1991)..................................................... 10

<u>Manning v. New York Univ.</u>,
    2001 WL 62872 (S.D.N.Y. Jan. 24, 2001) .......................................... 9

<u>McLaughlin v. Hernandez</u>,
    4 Misc.3d 964, 782 N.Y.S.2d 589 (Sup. Ct., N.Y. Cty. 2004) ............ 5

<u>Moss v. Stinnes Corp.</u>,
    1997 WL 570675 (S.D.N.Y. Sept. 12, 1997)....................................... 8

<u>Network Enterprises, Inc. v. APBA Offshore Productions, Inc., et al</u>,
    2007 WL 398276 (S.D.N.Y. 2007).............................................. 10, 11

Richardson v. N.Y. State Dept. of Corr. Service,
    180 F.3d 426 (2d Cir. 1999)..................................................................................... 9

Rivera v. Baccarat,
    1997 WL 777887 (S.D.N.Y. Dec. 15, 1997) ........................................................... 8

Russell v. New York City Housing Authority,
    160 Misc.2d 237, 608 N.Y.S.2d 592 (Sup. Ct., Bronx Cty. 1992) ......................... 5, 6

Texaco Inc. v. Pennzoil Co.,
    784 F.2d 1133 (2d Cir. 1986)................................................................................... 3

Thapa v. Gonzales,
    460 F.3d 323 (2d Cir. 2004).................................................................................... 3

**Statutes**

Fed. R. Civ. P. 62 .................................................................................................... 2, 5

N.Y. C.P.L.R. § 5519 ................................................................................................. 5

N.Y. Publ. Housing Law § 3 ...................................................................................... 5

## PRELIMINARY STATEMENT

Defendants Peekskill Housing Authority ("PHA") and Leesther Brown ("Brown") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Rule 62 of the Federal Rules of Civil Procedure, staying execution of the Judgment entered on December 9, 2011 (the "Judgment") without posting a supersedeas bond.  The supersedeas bond requirement is meant to secure the judgment creditor pending appeal.  Here, defendants are a municipal agency that should be afforded an automatic stay and a former volunteer Board member who lacks the financial means to post a bond and who would effectively be deprived of the opportunity to appeal absent a waiver of the bond requirement.

## PROCEDURAL HISTORY

This matter was instituted by plaintiff Gheevarghese Thankachan by the filing of a Complaint on September 24, 2007.  The Complaint contained, among other things, allegations of national origin discrimination in violation of 42 U.S.C. § 1981 ("§ 1981") and perceived political affiliation discrimination in violation of the First Amendment of the United States Constitution.  A copy of the Complaint is annexed as Exhibit A to this motion.  On November 23, 2011, a jury found in plaintiff's favor on both claims against defendant Brown.  With regard to the PHA, the jury found in plaintiff's favor on the § 1981 claim, but not on the political affiliation claim.

The jury awarded plaintiff $1 million in compensatory damages.  The jury also awarded $250 in punitive damages against defendant Brown.

1

On December 19, 2011, defendants filed a notice of motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure or, in the alternative, for a judgment or order pursuant to Rule 59(a) and/or (e) of the Federal Rules of Civil Procedure for *remittitur* of the jury's damages award or a new trial.  As per the Court's directive, defendants have until January 28, 2012 to complete the motion submission.  Defendants filed a Notice of Appeal on December 15, 2011.  A copy is attached as Exhibit B to this motion.

## ARGUMENT

Fed. R. Civ. Pro. 62 provides that, for 14 days after the Clerk of the Court enters judgment, plaintiff may not attempt to execute on that judgment.  Rule 62(a) empowers the Court to extend the stay of execution.  Rule 62(b) permits the Court to condition a further stay during the pendency of post-trial motions on the posting of security for the judgment.  Rule 62(d) permits the Court to require the posting of a bond pending appeal.  In either situation, however, the Court may dispense with security requirement.  The Court in this case should dispense with the security requirement.

The posting of a bond, however, is discretionary.

> The district court has discretion to grant a stay of judgment with no supersedeas bond or with only a partial supersedeas bond if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery.

John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 1993 WL 515376 at *1 (S.D.N.Y. 1993) 1993) (internal quotation omitted).

In evaluating whether to exercise this discretion, a court considers: (1) whether movants are are likely to prevail on the merits of their appeal; (2) whether, without a stay, movants will be

2

irreparably injured; (3) whether issuance of a stay will substantially harm other parties interested in in the proceedings; and (4) where the public interest lies. See De la Fuente v. DCI Telecomms., Inc., Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003) (citing Hilton v. Braunskill, 481 U.S. 770, 776, (1987)). "The party seeking the stay without a bond has the burden of providing specific reasons reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment." Id. The four factors should be be considered on a "sliding scale," such that a greater showing on one excuses a lesser showing on on another. See Thapa v. Gonzales, 460 F.3d 323, 334-35 (2d Cir. 2004). Indeed, the Second Circuit has noted that:

> [A]n inflexible requirement for impressment of a lien and denial of a stay of execution unless a supersedeas bond in the full amount of the judgment is posted can in some circumstances be irrational, unnecessary and self-defeating, amounting to a confiscation of the judgment debtor's property with due process.

Texaco Inc. v. Pennzoil Co., 784 F.2d 1133, 1154 (2d Cir. 1986).

## I.  PEEKSKILL HOUSING AUTHORITY

A public housing authority is engaged in carrying out an important governmental function under the N.Y. Public Housing Law.  N.Y. Pub. Housing Law § 2 provides:

> It is hereby declared that in certain areas of cities, towns and and villages of the state there exist insanitary and substandard substandard housing conditions owing to overcrowding and concentration of the population, improper planning, excessive excessive land coverage, lack of proper light, air and space, insanitary design and arrangement, or lack of proper sanitary sanitary facilities; that these conditions are chiefly in areas

3

where low rent dwellings prevail and that such conditions and and dwellings are a menace to the health, safety, morals, welfare and reasonable comfort of the citizens of this state; that there is not an adequate supply of adequate, safe, and sanitary dwelling accommodations for persons of low income; income; that these conditions cause an increase and spread of of disease and crime and constitute a menace to the health, safety, morals, welfare, and comfort of the citizens of the state; that these conditions inflict blight upon the economic value of large areas, impair private investments and the source source of public revenues; that these conditions cannot be remedied by the ordinary operation of private enterprise; that that these conditions require that provision be made for the investment of public and private funds at low interest rates in in low rent housing and the acquisition at fair prices of adequate parcels of property, the gradual demolition of existing insanitary and unsafe housing and the construction of of new housing facilities, under public supervision in accord accord with proper standards of sanitation and safety and at a a cost which will permit monthly rentals which persons of low income can afford to pay; that loans and subsidies by the the state and its subdivisions are necessary for such purposes; purposes; that the clearance, replanning, reconstruction and rehabilitation of substandard and insanitary areas or the providing of adequate, safe and sanitary low rent housing accommodations in these areas and elsewhere for persons and and families of low income, or both of these, are public uses uses and purposes for which public money may be spent and and private property acquired; that these conditions require the creation of the agencies and instrumentalities hereinafter hereinafter prescribed, which are declared to be agencies and and instrumentalities of the state for the purpose of attaining attaining the ends herein recited; and the necessity in the public interest for the provisions hereinafter enacted is hereby hereby declared as a matter of legislative determination.

4

Under the Public Housing Law, the PHA is a duly recognized corporate governmental agency. See N.Y. Pub. Housing Law § 3.

The Federal Rules of Civil Procedure provide that:

> If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

See Fed. R. Civ. P. 62(f).

Accordingly, under New York State law, the PHA should be afforded a stay of any execution of the judgment.

N.Y. C.P.L.R. § 5519(a)(1) provides in relevant part:

> Service upon the adverse party of a notice of appeal . . . stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where the appellant or moving party is the state or any political subdivision of the state or any officer or agency of the state or of any political subdivision of the state.

N.Y. C.P.L.R. § 5519(a)(1).

Courts have found that a public housing authority is a governmental entity that falls within within the automatic appellate stay language of C.P.L.R. § 5519(a)(1).   See McLaughlin v. Hernandez, 4 Misc.3d 964, 782 N.Y.S.2d 589 (Sup. Ct., N.Y. Cty. 2004); Russell v. New York City City Housing Authority, 160 Misc.2d 237, 608 N.Y.S.2d 592 (Sup. Ct., Bronx Cty. 1992).

Moreover, notwithstanding this automatic stay language, courts have also found that a

5

judgment against a public housing authority would warrant a discretionary stay pending appeal under under C.P.L.R. § 5519(c).  See Russell, 160 Misc.2d 237, 608 N.Y.S.2d 592.

Thus, based on New York State Law, there should be a stay on the enforcement of the judgment against the PHA.

### A.    LIKELIHOOD OF SUCCESS ON THE MERITS OF APPEAL

The PHA can show that it is likely to succeed on appeal and/or on its post-trial motions.[1] There was ample evidence that the ultimate decision to terminate plaintiff's employment was made made by four members of the PHA Board of Commissioners.  There was no testimony that the Board Board as a whole, or, indeed, any individual Board member acted with discriminatory animus in making this decision or that defendant Brown somehow "poisoned" the rest of the Board as plaintiff plaintiff contended.   The Board acted in reliance on the findings of outside counsel, who independently investigated plaintiff's performance and conduct.  There is also no evidence that the the Board was unsatisfied with both plaintiff's treatment of them and response to problems in the PHA.   Thus, because of the lack of evidence of any discriminatory animus of the ultimate decisionmaker, any finding of discrimination was against the weight of the evidence.  Further, there there was no causal connection to support plaintiff's political affiliation claim.  The only testimony testimony even relating to any perceived political affiliation was regarding an event that occurred approximately 2 years before the termination and is insufficient to demonstrate the requisite causal causal connection.

---

1 The articulation of arguments in this section should not be deemed to be the exclusive arguments to be made in the post-trial motions or on appeal.  The omission of any argument here is not meant to be – and should not be construed – as a waiver of such arguments.

It is respectfully submitted that defendants are likely to prevail on the merits of such an appeal.

Defendants also have strong arguments that erroneous evidentiary rulings and jury charges led to the excessive verdict the jury reached.

**B.      DEFENDANTS WILL BE IRREPARABLY INJURED ABSENT A STAY**

The PHA will be irreparably harmed absent a stay and waiver of a bond requirement.  The posting of a bond (including fees) would be incredibly burdensome to the PHA, an organization that provides housing to persons of limited economic means and relies almost exclusively on federal funding earmarked for designated matters.

**C.      A STAY WILL NOT SUBSTANTIALLY INJURE THE PLAINTIFF**

A stay will not unduly endanger the plaintiff's interest in ultimate recovery.  Plaintiff would be in the same position that he is in today whether a stay is granted or not.  Plaintiff has not posited, nor could he, that any defendant will secrete or transfer any assets during the pendency of the post trial motions and/or appeal.

**D.     THE PUBLIC INTEREST WEIGHS IN FAVOR OF ELIMINATING THE BOND REQUIREMENT**

Requiring the PHA to post a bond would cause substantial hardship on the PHA and on the PHA's residents. This certainly would not be in the public interest. In addition, it would be against the public interest to pay the judgment before appeals are finally exhausted, and would seriously prejudice the resources available to the PHA tenants.

**II.     LEESTHER BROWN**

**A.     LIKELIHOOD OF SUCCESS ON THE MERITS OF APPEAL**

Ms. Brown is also likely to succeed on appeal. For instance, with respect to plaintiff's national origin claim, the Court did not give a proper mixed motive instruction to the jury. Additionally, the Court permitted plaintiff to introduce highly prejudicial evidence as to Brown's alleged discriminatory treatment of Hispanic tenants. As set forth in defendants' motion in limine, such evidence should have been excluded as unfairly prejudicial.

It is well settled that incidents of harassment or discrimination on the basis of a protected class other than the one at issue are not relevant. See e.g. Moss v. Stinnes Corp., 1997 WL 570675 570675 (S.D.N.Y. Sept. 12, 1997); Rivera v. Baccarat, 1997 WL 777887, at * 2 (S.D.N.Y. Dec. 15, 15, 1997) (citing Kun v. Finnegan, Henderson, Farabow, Garrett, & Dunner, 949 F. Supp. 13, 19 (D.D.C. 1996) ("allegations of race discrimination are not relevant to a claim of national origin discrimination")); Hansberry v. Father Flanagan, 2004 WL 3152393, at * 5 (E.D.N.Y. 2004) (a "Puerto Rican battlefield" comment may illustrate a discriminatory animus towards Puerto Ricans Ricans but not towards African-Americans) (citing Richardson v. N.Y. State Dept. of Corr. Service,

8

Service, 180 F.3d 426, 440 (2d Cir. 1999) *abrogated on other grounds by Burlington N. v. White*, *White*, 548 U.S. 53 (2006); Krystek v. Univ. of So. Miss., 164 F.3d 251 (5th Cir. 1999)).

Accordingly, courts in this District will exclude such evidence from trial. See Fowler v. Transit Supervisors Org., 96 Civ. 6796, 2000 U.S. Dist. LEXIS 17452, at *53 (S.D.N.Y. Nov. 1, 2000) (in a Title VII race and gender discrimination case, the court granted defendant's motion *in limine* to exclude complaints by other employees in different protected classifications from plaintiff, plaintiff, including a claim of discrimination based on Italian heritage); Manning v. New York Univ., Univ., 2001 WL 62872 (S.D.N.Y. Jan. 24, 2001).

The fact that the jury asked for a read-back of the exact evidence defendants moved against *in limine* shows how directly that tainted evidence contributed to the verdict.

Moreover, the jury award far exceeds plaintiff's claim of economic damages and his emotional damage claim is of the "garden variety" type, as plaintiff did not seek any treatment from a mental health provider. Additionally, plaintiff failed to demonstrate that Brown "stacked the board" in order to get rid of plaintiff. All of plaintiff's claims rely upon this flawed premise that was against the weight of the evidence. Defendant Brown is likely to prevail on the post-trial motion and/or appeal.

## B.   BROWN WILL BE IRREPARABLY INJURED ABSENT A STAY

Defendant Brown will suffer irreparable harm should she be required to post a bond to obtain a stay of execution of the judgment pending the post-trial motions and/or appeal. If the Court does not waive the requirement for security, Ms. Brown would be required to post a bond, for a judgment in the total amount of $1,000,250.

Ms. Brown would be required to provide 100% collateral or obtain a Letter of Credit from a financial institution. In addition to posting the more than $1 million required, the fee for a bond in the amount of $1,000,250 is 1% of the total amount of the bond or $10,002.50. Therefore, Ms. Brown would be required to post collateral in the amount of $1,010,002.50.

It is financially impossible for Brown to post a bond in an amount necessary to cover the judgment amount in this case. The posting of such a bond would have a severe economic impact on Brown. See Affidavit of Brown, attached hereto as Exhibit C.

Brown does not personally have the resources to post security in the amount of the Judgment Judgment against her. Absent a stay of execution of the Judgment and waiver of the bond requirement, Brown will most likely be forced to file for bankruptcy, which will damage her reputation, affect her credit, and affect her ability to sustain herself. The burden to Brown and her her family to comply with this requirement would be substantially greater than any resultant harm to to plaintiff. The Second Circuit has "held that in some circumstances an 'inflexible requirement' for requirement' for 'denial of a stay of execution of a supersedeas bond is posted' can amount to unjust unjust confiscation of the debtor's property[.]" Liberty Mut. Ins. Co. v. Bankers Trust Co., 769 F. F. Supp. 130, 131 (S.D.N.Y. 1991). This is essentially what would happen in the instant matter; an an unjust confiscation of Brown's property.

In Network Enterprises, Inc. v. APBA Offshore Productions, Inc., et al., the Court held that that the individual defendant would be irreparably injured without a stay of execution on the judgment. In addition, the Court, in Network Enterprises, held that requiring the individual defendant to post a bond, followed by her failure to do so, would permit the plaintiff to pursue and and levy upon her personal property during the pendency of his appeal. The Court found that all of

10

of these factors constituted the ingredients of irreparable injury. <u>Network Enterprises, Inc. v. APBA</u>

<u>APBA Offshore Productions, Inc., et al</u>, 2007 WL 398276 (S.D.N.Y. 2007).  The same is true here.

here.

### C.    A STAY WILL NOT SUBSTANTIALLY INJURE THE PLAINTIFF

A stay will not unduly endanger the plaintiff's interest in ultimate recovery.  Plaintiff would

be in the same position that he is in today.  He has no evidence to suggest that any defendant is about

to flee the jurisdiction or is planning to secrete assets.

### D.    THE PUBLIC INTEREST WEIGHS IN FAVOR OF ELIMINATING THE BOND REQUIREMENT

The burden to Brown to post a bond in this matter would be so great as to effectively deny

her the opportunity to appeal.

### CONCLUSION

Defendants will be irreparably injured absent a stay and a waiver of the bond requirement.

There are specific reasons that support departing from the general rule requiring a bond.  In sum, the

defendants would be irreparably damaged, including a bankruptcy by Brown.  For the foregoing

reasons, defendants respectfully request that the Court stay enforcement of the

11

Judgment in this matter and eliminate the bond requirement pending resolution of the post-trial

motions and appeal.

Dated:  Westbury, New York
        December 19, 2011

                                        SOKOLOFF STERN LLP
                                          Attorneys for Defendants
                                          Peekskill Housing Authority and
                                          Leesther Brown


                                        *Brian S. Sokoloff*
                                        _____
                                        Brian S. Sokoloff
                                        Adam I. Kleinberg
                                        355 Post Avenue, Suite 201
                                        Westbury, New York 11590
                                        (516) 334-4500
                                        File No. 080109

12