UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GHEEVARGHESE A. THANKACHAN,

        Plaintiff,                               07 CV 8332 (PED)

    vs.

PEEKSKILL HOUSING AUTHORITY,
LEESTHER BROWN, sued in her individual
capacity,

        Defendants.
-------------------------------------------------------x

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION

# TO DEFENDANTS' MOTION FOR A BONDLESS STAY

CHRISTOPHER D. WATKINS (2240)
SUSSMAN & WATKINS
55 Main Street – P.O. Box 1005
Goshen, NY 10924
(845) 294-3991
*Attorney for Plaintiff*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY .................................................................................................... 1

ARGUMENT ........................................................................................................................ 1

    POINT I:    THIS COURT LACKS JURISDICTION TO ENTER A STAY UNDER FRCP 62(b) ................................................................ 1

    POINT II:    DEFENDANTS' ARE NOT ENTITLED TO AN AUTOMATIC BONDLESS STAY UNDER FRCP 62(f) and N.Y. CPLR § 5519(a)(1) ................................................................ 3

    POINT III:    DEFENDANTS ARE NOT ENTITLED TO A DISCRETIONARY BONDLESS STAY UNDER FRCP 62(b) OR FRCP 62(d) ................................................................ 4

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

CASES

*Baker v. Windsor Republic Doors*, 2009 WL 2461383(W.D.2009) ............................................... 2

*Burzynski v. Travers*, 111 F.R.D. 15, 16 (E.D.N.Y.1986) ............................................................. 2

*de la Fuente v. DCI Telecommunications, Inc.*, 269 F.Supp.2d 237 (S.D.N.Y.2003) .................. 5

*F.D.I.C. v. Ann-High Associates*, 1997 WL 1877195 (2d Cir. Dec. 2, 1997) ............................ 4, 5

*Federal Insurance Co. v. County of Westchester*, 921 F.Supp. 1136 (S.D.N.Y. 1996) ........... 3, 5-9

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) ............................................... 2

*Lawyers Title Ins. Corp. v. Singer*, 2011 WL 1827268(D.Conn. Mar. 7, 2011) ............................ 5

*Marcoux v. Farm Service and Supplies, Inc.*, 290 F.Supp.2d 457 (S.D.N.Y.,2003) ............. 5, 7, 8

*Morgan Guaranty Trust Co. of New York v. Rep. of Palau*, 702 F.Supp. 60 (S.D.N.Y. 1988) ..... 5

*Toliver v. County of Sullivan*, 957 F.2d 47 (2d Cir. 1992) ............................................................ 2

STATUTES

N.Y. CPLR § 5203(a)(1) ................................................................................................................ 3

N.Y. CPLR § 5519(a)(1) ................................................................................................................ 3

RULES

Fed. R. Civ. P. 50 .......................................................................................................................... 4

Fed. R. Civ. P. 62(f) ...................................................................................................................... 3

Fed. R. Civ. P. 62(b) ...................................................................................................................... 1

Fed. R. Civ. P. 62(d) ...................................................................................................................... 4

## PRELIMINARY STATEMENT

Plaintiff Gheevarghese Thankachan respectfully submits this memorandum of law in opposition to the motion for a bondless stay filed by defendants Peekskill Housing Authority (PHA) and Leesther Brown ("Brown") (collectively "defendants").

## PROCEDURAL HISTORY

On November 23, 2011, after a jury trial, the jury returned a verdict in favor of plaintiff on his Section 1981 race discrimination claims against the PHA and Brown, awarding him $1,000,000 in compensatory damages and $250 in punitive damages against Brown. Judgment was entered on December 9, 2011. (See Dkt Entry No. 106)

On December 15, 2011, defendants filed a notice of appeal from the judgment. (See Dkt Entry No. 107). On December 19, 2011, defendants filed a notice of motion under FRCP Rules 50 and 59 for judgment as a matter of law and a new trial or remittitur, respectively. (See Dkt Entry No. 108). On that same date, defendants filed the present motion for a bondless stay under FRCP Rule 62(b) and 62(d). (See Dkt Entry Nos. 109-111). After filing their notice of appeal, defendants subsequently filed "C" and "D" forms with the Second Circuit. (See Watkins Aff., Ex. 1). In their Form C, defendants listed the issues raised by their appeal, including whether the Court erred in its evidentiary rulings during trial, its jury charges, its answers to the jury's notes, and its denial of defendants' motion for judgment as a matter of law. (See Ex. 1 at p. 4, "Addendum B").

## ARGUMENT

### POINT I

**THIS COURT LACKS JURISDICTION TO ENTER A STAY UNDER FRCP 62(b)**

"The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of

the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) ("docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule'") (quoting *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir.1962)).

Here, defendants filed their notice of appeal from the judgment before they filed a notice of motion pursuant to FRCP Rules 50 and 59. In so doing, they divested this Court of jurisdiction over their putative post-trial motions. *See* 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2821, p. 222 (2d ed.1995) ("[i]f notice of appeal is given, the subsequent filing of a motion for a new trial, even if otherwise timely, is ineffective because jurisdiction of the case is no longer in the district court."); *Burzynski v. Travers*, 111 F.R.D. 15, 16 (E.D.N.Y.1986) (noting that a motion for new trial, even if otherwise timely, is ineffective if filed after notice of appeal) (citing *Sykes v. United States*, 392 F.2d 735, 738 (8th Cir.1968)); *Baker v. Windsor Republic Doors,* 2009 WL 2461383, *7 (W.D.2009) ("this Court no longer has jurisdiction to decide the Defendant's motion for a new trial because of the prior notice of appeal").

Under FRCP 62(b), a party may seek a stay from the execution of a judgment pending disposition of a post-trial motion "[o]n appropriate terms for the opposing party's security." *See* Fed. R. Civ. P. 62(b). However, in this case, defendants' notice of motion under FRCP Rules 50 and 59 was ineffective because they filed a notice of appeal before filing their notice of motion. Moreover, since filing their notice of appeal, they have taken concrete steps to pursue the appeal, including by filing appellate Forms C and D. Thus, the Court lacks jurisdiction to entertain either their post-trial motions or their request for a bondless stay pursuant to FRCP 62(b), and this branch of defendants' motion should be denied for lack of jurisdiction.

2

## POINT II

## DEFENDANTS' ARE NOT ENTITLED TO AN AUTOMATIC BONDLESS STAY UNDER FRCP 62(f) and N.Y. CPLR § 5519(a)(1)

Defendants argue that the PHA is entitled to a bondless stay under FRCP 62(f) and New York CPLR § 5519(a)(1). Rule 62(f) provides that: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Under New York's CPLR § 5519(a)(1), a state or political subdivision of the state (or any officer of the state or political subdivision) is entitled to an automatic stay once it serves a notice of appeal.[1] Defendants point to state court cases applying this CPLR provision to public housing authorities. (*See* Defs' Brief at 5*).*

However, defendants fail to recognize that this Court has previously determined that FRCP 62(f) is not available because "Rule 62(f) adopts the stay provisions of the forum state only where the underlying judgment is a 'lien upon the property of the judgment debtor' in that state (i.e., where there is the functional equivalent of a bond in terms of security)." *Federal Insurance Co. v. County of Westchester*, 921 F.Supp. 1136, 1138 (S.D.N.Y. 1996). Because New York law expressly precludes the filing of a lien upon the property of a municipality, Rule 62(f) is inapplicable to the instant judgment. *See id.* (citing N.Y. CPLR § 5203(a)(1), (5)); *see also* Siegel Commentary to N.Y. CPLR § 5519 ("Rule 62(f) of the Federal Rules of Civil Procedure might at first blush seem to give the bond-free appellate trip to municipalities in federal practice, too, because it provides that the state

---

[1] Although defendants do not argue as much, if CPLR § 5519(a)(1) were applicable, which it is not, it would seem to apply to Brown as much as to the PHA, since she was an officer of the PHA at the time of the events giving rise to this suit. In any event, plaintiff does not seek to force Brown to obtain a bond, as she is indemnified by the PHA with respect to the compensatory damages pursuant to State law and the PHA by-laws.

3

law on staying enforcement also governs in the federal courts. But the federal rule makes the state stay available only if the judgment is a lien on the defendant's real property under state law, and under New York law a judgment is not a lien against a municipality. . . . In federal court, municipalities therefore have to file a bond to get an automatic stay"); *see also F.D.I.C. v. Ann-High Associates,* 1997 WL 1877195 (2d Cir. Dec. 2, 1997) (discussing application of FRCP 62(f)). Thus, defendants cannot avail themselves of the automatic [bondless] stay provision of CPLR § 5519(a)(1).

## POINT III

### DEFENDANTS ARE NOT ENTITLED TO A DISCRETIONARY BONDLESS STAY UNDER FRCP 62(b) OR FRCP 62(d)

Under Rule 62(b), the Court may grant defendants a stay "on appropriate terms for the opposing party's security" pending disposition of post-trial motions. As set forth above, because defendants' notice of motion under FRCP 50 and 59 followed their filing of a notice of appeal, that notice of motion was ineffective and this Court lacks jurisdiction to decide those motions or to enter a stay under Rule 62(b). Under Rule 62(d), defendants may obtain an automatic stay pending appeal if they file a supersedeas bond.

In limited circumstances, courts within the Second Circuit have granted stays under Rule 62(b) or 62(d) in the absence of a bond.[2] Under Rule 62(b), courts have only done so where the "judgment debtor can show that in the absence of standard security, the judgment creditor will be properly secured against the risk that the judgment debtor will be less able to satisfy the judgment after the disposition of the post-trial motions." *See Lawyers Title Ins. Corp. v. Singer,* 2011 WL

---

[2] Any argument as to the merits of defendants' motion under Rule 62(b) should not be construed as a waiver of plaintiff's lack of jurisdiction argument. Such argument is offered only in the event the Court disagrees with plaintiff as to jurisdiction.

4

1827268, *1 (D.Conn. Mar. 7, 2011). Under Rule 62(d), the Second Circuit has held that "if a judgment debtor can point to alternative and adequate means of securing the judgment pending appeal, the supersedeas bond requirement may be waived under other provisions of Rule 62." *F.D.I.C. v. Ann-High Associates,* 1997 WL 1877195, *4 (2d Cir. Dec. 2, 1997).

A party seeking a stay without posting a bond must demonstrate: "(1) whether the petitioner is likely to prevail on the merits of his appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested in the proceedings, and (4) wherein lies the public interest.... Each of these requirements will be applied flexibly according to the circumstances of each case.... *Because a supersedeas bond is designed to protect the appellee, the party seeking the stay without a bond has the burden of providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment....* The bond requirement should not be eliminated or reduced unless doing so 'does not unduly endanger the judgment creditor's interest in ultimate recovery.'" *Marcoux v. Farm Service and Supplies, Inc.*, 290 F.Supp.2d 457, 485 (S.D.N.Y.,2003) (Connor, J.) (quoting *de la Fuente v. DCI Telecommunications, Inc.,* 269 F.Supp.2d 237, 240 (S.D.N.Y.2003) (emphasis added in *Marcoux*)). In *Federal Ins. Co., supra*, Judge Rakoff applied the same analysis, noting that "[i]f an appellant qualifies for a stay under this four-part test, the district court has some discretion to dispense with the further requirement of a bond." *See* 921 F.Supp. at 1139 (citing *Morgan Guaranty Trust Co. of New York v. Republic of Palau*, 702 F.Supp. 60, 65 (S.D.N.Y. 1988)).

As in *Marcoux* and *Federal Insurance Co.*, defendants have failed to carry their burden in demonstrating that the PHA should be granted a stay without any bond. As in *Federal Insurance*

5

*Co.*, they make nothing more than conclusory arguments, and fail to cite a single case in support of their arguments. *See* Defs' Brief at 6-7; *See* 921 F.Supp. at 1139 ("Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk").

1. **Likelihood of Success**

In arguing that they are likely to be successful on appeal, defendants summarily argue the facts in a manner that was reasonably rejected by the jury. (Defs' Brief at pp. 6-7). Contrary to their conclusory assertions, the jury had ample evidence to conclude that: 1) Brown acted with discriminatory motive in seeking plaintiff's termination, including direct evidence of discriminatory animus and, 2) she influenced the other three Board members in voting to terminate plaintiff.

The jury heard competent evidence that, while on the Board, Brown made numerous references to getting rid of plaintiff and referred to him in ethnically derogatory terms, claiming that he was in the Taliban and referring to him as an "Indian Taliban." She proclaimed that he "did not belong" and that this is "my country" and "my people." This is direct evidence of discrimination, which alone supports the jury's finding of discrimination. Moreover, it was supported by circumstantial evidence of discrimination, including evidence of pretext, stereotyping (*e.g.*, claiming that Savio Chavara must have been hired illegally because he too was Indian) and irrational animus.

While declaring her intention to get rid of plaintiff, Brown recruited Hines, Bond and Robinson to the Board, all of whom were her long-time friends. Robinson voted to suspend plaintiff before she had even sat as a Board member at a regular Board meeting, and Hines was kept on the Board and voted to terminate plaintiff despite his pressing criminal problems at the time. In the months leading up to plaintiff's termination, Brown was elevated to Board Chairperson and she

6

clearly played a central role in plaintiff's termination, including with respect to the allegedly neutral investigation of plaintiff by outside counsel.

Far from non-existent, the evidence of Brown's discriminatory animus and her influence over the other three Board members was very strong. Certainly, it was enough to support the jury's verdict on plaintiff's claim of discrimination.[3]

### 2. Irreparable Harm to PHA Absent a Bondless Stay

Defendants simply argue that posting a bond would be "incredibly burdensome to the PHA." (Defs' Brief at p. 7). Such a conclusory argument is far from the type of specific showing that the PHA must make to avoid the "the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment." *See Marcoux, supra*. They have not shown an irreparable injury.

### 3. Harm to Plaintiff of Bondless Stay

Defendants argue that "[p]laintiff would be in the same position that he is in today whether a [bondless] stay is granted or not." (Defs' Brief at p. 7). Yet, this is far from clear, particularly given the public post-verdict comments made by PHA representatives. Indeed, this is the rare case in which defendants' agents, including the PHA's present attorney, have publicly suggested that the PHA would not ultimately make good on the judgment. (See Watkins Aff., Ex. 3). The PHA's attorney, William Florence, publicly stated that plaintiff's victory was "pyrrhic" and that plaintiff "gets burned." (Id.). Its Executive Director, Harold Phipps, publicly stated "the Housing Authority doesn't have any money so I don't have an answer" as to how the judgment can be paid. (See id.).

---

[3] Defendants also argue that "there was no causal connection to support plaintiff's political affiliation claim," a superfluous argument in light of the jury's rejection of plaintiff's political affiliation claim.

7

Courts within the Second Circuit have only rarely granted a bondless stay, and only when it has been clear that the defendant would make good on the judgment, in particular where it tendered some form of security other than a bond. In this case, the PHA has made the opposite representations.

If the PHA is truly in economic dire straits as it claims, but still wants to appeal from the judgment, it should have to make efforts to get its financial house in order, or allow plaintiff to begin enforcement procedures. Otherwise, plaintiff's ability to enforce his judgment will be severely compromised with the passage of time. If, on the other hand, the public representations by Florence and Phipps are more along the lines of posturing, the PHA should not be excused from the requirement of demonstrating that it has the financial ability to satisfy the judgment.

4.   **Public Interest**

Defendants merely assert that requiring the PHA to post a bond to obtain a stay would cause the PHA "substantial hardship" and "would not be in the public interest." (Defs' Brief at p. 8). This type of conclusory argument is insufficient to obtain a bondless stay. *See Federal Insurance Co.*, 921 F.Supp. at 1139.

In sum, defendants have utterly failed to meet their "burden of providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment." *See de la Fuente,* 269 F.Supp.2d at 240. To the contrary, the public statements by PHA's agents suggesting that they will not be able to, or simply will not, satisfy the judgment make it all the more imperative that the PHA tender a supersedeas bond to secure the judgment if it wants a stay. Otherwise, plaintiff should be permitted to begin taking the necessary steps to enforce the judgment.

## CONCLUSION

For all the foregoing reasons, and all the pleadings and proceedings had herein, this Court should deny defendants' motion for a bondless stay.

Dated: January 9, 2012
       Goshen, New York

                                                    Christopher D. Watkins (CW 2240)

                                                             SUSSMAN & WATKINS
                                                             55 Park Place, Suite 6
                                                             P.O. Box 1005
                                                            Goshen, New York 10924
                                                            (845) 294-3991
                                                            *Attorneys for Plaintiff*